**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
                                                    x
                                                    :
In re:                                              :        CHAPTER 7
                                                    :
DAVID W. FLEMING, II                                :        CASE NO. 19-51611 (JAM)
                                                    :
         Debtor.                                    :
                                                    x
```

**DEBTOR'S LIMITED OBJECTION TO APPLICATION FOR ORDER**
**AUTHORIZING TRUSTEE TO EMPLOY COUNSEL TO THE TRUSTEE**

The above debtor, David W. Fleming, II (the "Debtor"), by and through his undersigned

counsel, hereby respectfully submits his limited objection to the Application for Order Authorizing

Trustee to Employ Counsel to the  Trustee (the "Application") filed by George I. Roumeliotis, the

Chapter 7 Trustee (the "Trustee") seeking to employ the Law Offices of Jeffrey Hellman, LLC

("Hellman") as counsel to the estate. In support hereof, the undersigned states the following:

1.      On December 12, 2019 (the "Filing Date"), the Debtor filed a petition for relief

under Chapter 7 of Title 11 of the United States Code, in the United States Bankruptcy Court for

the District of Connecticut.

2.      The Trustee was appointed to serve as Chapter 7 Trustee in the Debtor's estate and

continues to serve as the Trustee.

3.      The Trustee seeks to employ Hellman, on a contingency basis, to represent the

Trustee to assist the Trustee with respect to the Debtor's interest in a certain trust identified in the

Debtor's schedules.

4.      Pursuant to the Application, Hellman is to assist the Trustee "in obtaining

information from the corporate trustee of the trust concerning its value, and the specific language

contained in the trust, determining whether the Debtor's interest in the trust is reachable by

creditors, and if so, to assist him in determining the best way of liquidating it and to assist him in any liquidation process."  Application, para. 2.

5.      For the above-described services, the Trustee proposes to pay Hellman a contingency fee of 25% of amounts recovered for the Trustee, plus the reimbursement of reasonable out of pocket expenses (the "Contingency Fee").

6.      The Debtor does not object to the retention of Hellman or dispute Hellman's qualifications to render the requested services to the Trustee.  The Debtor's objection to the Application is limited to the request for approval of retention on the basis of the Contingency Fee.

7.      The Application does not expressly seek retention under Section 328 of the Bankruptcy Code but does seek approval of the Contingency Fee and references the necessity of an application under Section 330 of the Bankruptcy Code.  The Second Circuit has ruled, however, that a court may employ the totality of the circumstances to determine whether a retention order constituted pre-approval of a fee arrangement under Section 328.  In re *Smart World Technologies*, *LLC* 552 F.3d 228, 234 (2nd Cir. 2009).

8.      The distinction between retention under Section 328 and Section 330 is critical as a Section 328 retention amounts to a pre-approval of the terms and conditions of employment. After approval of a contingency fee arrangement under Section 328, a court's  "power to amend those terms is severely constrained." *Smart World* at 232.

9.      Recognizing the importance of the distinction in retention under Section 328, the Court's local rules set forth certain requirements for applications  seeking retention on a contingency fee basis, including copies of  retainer agreement and inclusion of  sufficient information regarding the contingency fee.  United States Bankruptcy Court for the District of Connecticut, Local Bankruptcy Rule 2014-1(c).   The Application does not satisfy these

requirements.  No retainer agreement is included with the Application, nor is any information regarding the necessity of retention on a contingency fee basis submitted.

10.    In the instant case, it is not possible to determine whether there is a basis for approving retention on a 25% contingency fee basis.  Neither the Court, the  creditors nor the Debtor[1] can evaluate the efficacy of a 25% contingency fee arrangement where information is not presented regarding the scope of the work to be done or the risk of a successful outcome for the estate.

11.    For all the foregoing reasons, the Debtor respectfully submits this limited objection to the Trustee's Application to Employ Counsel on a contingency fee basis.

WHEREFORE, the Debtor respectfully requests that the Court deny the Application as filed by the Trustee.

Dated: April 21, 2020                                   THE DEBTOR,
       New Haven, Connecticut                     DAVID W. FLEMING, II


                                                  By:    /s/Douglas S. Skalka
                                                        Douglas S. Skalka (ct00616)
                                                        NEUBERT, PEPE & MONTEITH, P.C.
                                                        195 Church Street
                                                        New Haven, CT  06510
                                                        Telephone (203) 821-2000
                                                        dskalka@npmlaw.com

---

[1] The Debtor contends that the estate may be solvent and allow a surplus to be paid to the Debtor based upon his intent to object to the claims of creditors.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
                                                    x
                                                    :
In re:                                              :        CHAPTER 7
                                                    :
DAVID W. FLEMING, II                                :        CASE NO. 19-51611 (JAM)
                                                    :
          Debtor.                                   :
                                                    x
```

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 21, 2020 the foregoing Objection was filed

electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's

electronic filing system or by mail to anyone unable to accept electronic filing pursuant to the

Notice of Electronic Filing.  Parties may access this filing through the Court's system.

Dated:  April 21, 2020                      THE DEBTOR,
        New Haven, Connecticut              DAVID W. FLEMING, II


                                            By:    /s/Douglas S. Skalka
                                                   Douglas S. Skalka (ct00616)
                                                   NEUBERT, PEPE & MONTEITH, P.C.
                                                   195 Church Street
                                                   New Haven, CT  06510
                                                   Telephone (203) 821-2000
                                                   dskalka@npmlaw.com