**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE:<br><br>DAVID W. FLEMING, II,<br><br>    DEBTOR.<br><br>NICHOLAS AHUJA AND<br>AJAY AHUJA,<br><br>    MOVANTS,<br><br>V.<br><br>DAVID W. FLEMING, II,<br><br>    RESPONDENT. | CASE NO.   19-51611 (JAM)<br><br>CHAPTER   7<br><br>RE: ECF NO.   29 |

**Appearances**

William J. O'Sullivan  *Attorney for Movants*
O'Sullivan McCormack Jensen & Bliss PC
Putnam Park, Suite 100
100 Great Meadow Road
Wethersfield, CT 06109

Douglas S. Skalka  *Attorney for the Debtor*
Neubert, Pepe & Monteith, P.C.
195 Church Street
New Haven, CT 06510

**MEMORANDUM OF DECISION AND ORDER**
**GRANTING MOTION FOR RELIEF FROM STAY**

Julie A. Manning, Chief United States Bankruptcy Judge

**I.    INTRODUCTION**

David W. Fleming, II (the "Debtor") filed a Chapter 7 petition on December 12, 2019.

On January 27, 2020, Nicholas Ahuja and Ajay Ahuja (the "Movants") filed a Motion for Relief

from Stay to allow them to proceed to judgment in a matter pending in the Connecticut Superior Court to confirm a Financial Industry Regulatory Authority ("FINRA") arbitration award entered in their favor against the Debtor (the "Motion for Relief from Stay," ECF No. 29). The Debtor filed an Objection to the Motion for Relief from Stay on February 12, 2020 (the "Objection," ECF No. 31).

On February 25, 2020, a hearing on the Motion for Relief from Stay was held. On March 5, 2020, the Court issued an Order requiring the parties to file supplemental briefs in support of their respective positions on or before April 3, 2020. The Movants filed a supplemental brief in support of the Motion for Relief from Stay on March 24, 2020 (the "Movant's Supplemental Brief," ECF No. 44). The Debtor did not file a supplemental brief. After careful consideration of the Motion for Relief from Stay, the Objection, the Movant's Supplemental Brief, the arguments presented at the February 25, 2020 hearing, and the specific facts and circumstances of this case, for the reasons that follow, the Motion for Relief from Stay is granted.

## II.     BACKGROUND[1]

1.     The Debtor served as the Movants' investment advisor from late 2011 until early 2017. On May 23, 2017, the Movants commenced a FINRA arbitration against the Debtor, alleging various forms of misconduct on the part of the Debtor in connection with the purchase and sale of securities and/or violations of securities law.

2.     Arbitration proceedings were held in February through June 2019.[2]

---

[1] All facts contained herein come from the Motion for Relief from Stay and exhibits attached thereto, from the Objection and exhibits attached thereto, and from the Movant's Supplemental Brief, unless otherwise indicated.

[2] The FINRA Award states that the Debtor, who appeared *pro se*, did not file a Statement of Answer or properly execute a Submission Agreement. On October 20, 2017, the arbitration panel granted the Plaintiffs' unopposed Motion to Bar the Debtor from presenting a defense at the hearing pursuant to FINRA Rule 13208(a). FINRA Rule 12308(a) provides that "[i]f a party

3. A FINRA arbitration award (the "FINRA Award") entered in the Movants' favor on September 24, 2019. The FINRA Award provided for $401,000 in compensatory damages to Nicholas Ahuja; $327,000 in compensatory damages to Ajay Ahuja; $20,000 in unpaid loans to both Movants; and $36,605 in expert witness fees to both Movants.

4. On October 4, 2019, the Movants commenced an action in Connecticut Superior Court, *Ahuja v. Fleming*, FST-CV-19-6043982-S, to confirm the arbitration award (the "State Court Action").

5. The Connecticut Superior Court scheduled a hearing on the Movants' Application to Confirm Arbitration Award to be held on December 16, 2019.

6. On December 12, 2019, the Debtor filed his Chapter 7 petition. Upon the filing of the Chapter 7 petition, the automatic stay provided by 11 U.S.C. § 362(a) stayed the proceedings in the State Court Action.

7. The Movants filed the Motion for Relief from Stay on January 27, 2020, seeking relief from the automatic stay for cause pursuant to section 362(d)(1) to obtain judicial confirmation of the FINRA Award in the State Court Action.

8. On February 12, 2020, the Debtor filed the Objection. The Objection asserts, among other things, that because the FINRA Award was a default award entered against the Debtor, he should be given an opportunity to challenge the Movants' claims on the merits in an adversary proceeding seeking non-dischargeability.

---

does not answer within the time period specified in the Code, the panel may, upon motion, bar that party from presenting any defenses or facts at the hearing, unless the time to answer was extended in accordance with the Code." *See* https://www.finra.org/rules-guidance/rulebooks/retired-rules/12308.

9.      On February 21, 2020, the Movants commenced an adversary proceeding against the Debtor seeking a determination that the debt owed to them pursuant to the FINRA Award is non-dischargeable pursuant to sections 523(a)(2), 523(a)(4), and 523(a)(19).

10.     On April 21, 2020, upon motion of the parties, the Court stayed the adversary proceeding pending a ruling on the Motion for Relief from Stay, and, if granted, pending final judgment being entered in the State Court Action.

### III. DISCUSSION

Pursuant to 11 U.S.C. § 362(a)(6), the filing of a bankruptcy petition operates as a stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." The party moving to lift the automatic stay has the burden of establishing its *prima facie* case for relief. 3 *Collier on Bankruptcy*, ¶ 362.10 (16th ed 2020). A *prima facie* case requires a movant to show "a factual and legal right to the relief it seeks." *Id*. Under section 362(d), if a movant presents a *prima facie* case and no contrary evidence is presented, the Court "shall" grant the relief requested. 11 U.S.C. § 362(d).

The Movants seek relief from the automatic stay under 11 U.S.C. § 362(d)(1). Section 362(d)(1) provides, as relevant here, that " "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay ... (1) for cause, including the lack of adequate protection of an interest in property of such party in interest..."

The Movants are parties in interest because they are creditors of the Debtor pursuant to the FINRA award. *See* 3 *Collier on Bankruptcy* ¶ 362.07 (16th 2020) ("The Code does not define the term 'party in interest,' but section 1109 suggests that the term includes…'a creditor.'").

4

The Court finds that the Movants have established "cause" to grant relief from the stay under section 362(d)(1). While section 362 does not provide a definition of cause, its legislative history, however, "reveals that Congress intended 'that one of the factors to consider when determining whether to modify the stay is whether doing so would permit pending litigation involving the debtor to continue in a nonbankruptcy forum,' as '[i]t will often be more appropriate to permit proceedings to continue in their place of origin, where no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere.'" *In re Project Orange Assocs., LLC*, 432 B.R. 89, 103 (Bankr. S.D.N.Y. 2010). *Id.* (quoting H.R. Rep. No. 95–595, at 341 (1977), U.S. Code Cong. & Admin. News 1978, at 5963, 6297; S.Rep. No. 95–989, at 50 (1978), U.S. Code. Cong. & Admin. News 1978, at 5787, 5836). "Courts consider the term 'for cause' to be a broad and flexible concept that must be determined on a case-by-case basis." *Osuji v. Deutsche Bank, N.A.*, 589 B.R. 502, 508 (E.D.N.Y. 2018) (quotation marks omitted). !!

In the Second Circuit, there are twelve factors, the "*Sonnax* Factors," that courts consider in determining whether cause exists under section 362(d)(1) to grant relief from the automatic stay in order to continue litigation in a non-bankruptcy forum:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

5

*In re Kolnberger*, 603 B.R. 253, 268 (Bankr. E.D.N.Y. 2019) (citing *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990)).  Not all of the twelve factors will be relevant in every case, and the Court does not need to assign equal weight to each factor.  *In re David X. Manners Co. Inc.*, No. 15-51490 (JJT), 2018 WL 1997674, at *5 (Bankr. D. Conn. Apr. 26, 2018), *appeal dismissed sub nom. In re Manners*, No. 18CV778 (WWE), 2018 WL 3079470 (D. Conn. June 21, 2018) (citing *Schneiderman v. Bogdanovich (In re Bogdanovih)*, 292 F.3d 104, 110 (2d Cir. 2002); *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999); *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994)).  In applying the *Sonnax* Factors, "the Court should take into account the particular circumstances of the case, and ascertain what is just to the claimants, and the estate."  *Id.* (quoting *In re Taub*, 413 B.R. 55, 62 (Bankr. E.D.N.Y. 2009)).

Application of the *Sonnax* Factors here weighs in favor of granting relief from the automatic stay to allow the State Court Action to procced.  Continuation of the State Court Action would result in partial resolution of the issues; if the FINRA Award is confirmed[3], claims raised in the adversary proceeding may not need to be tried.  Second, granting relief from the stay will not interfere with the bankruptcy case; in fact, allowing the State Court Action to proceed may expedite the resolution of the issues in the adversary proceeding.  In addition, lifting the automatic stay to allow the State Court Action to proceed will not significantly interfere with the bankruptcy case and will not prejudice the interests of other creditors.  Furthermore, judicial economy is best served by granting relief from the stay.  The parties agreed

---

[3] An arbitration award must be confirmed before it is enforceable. *See* Conn. Gen. Stat. Ann. § 52-417.  "Prior to confirmation, enforcement of an arbitration award relies solely on the parties' voluntary compliance. Confirmation of an arbitration award converts it into an enforceable judgment of the Superior Court.  It is in part that ability to have an award confirmed that has encouraged parties to submit to this informal method of dispute resolution." *Aldin Assocs. Ltd. P'ship v. Healey*, 72 Conn. App. 334, 341, n. 10 (2002).

to arbitration, which resulted in the arbitration panel's award. The State Court Action to confirm that award has already been commenced. It would not be an effective use of judicial resources to have to start and complete the process of confirming the FINRA Award in this Court. Accordingly, under the *Sonnax* Factors, cause exists to grant the Movants relief from the automatic stay.

In addition to the *Sonnax* Factors, the Court may "engage in fact-intensive inquiries which appear to be loosely based on the *Sonnax* Factors, mainly attempting to maintain the prepetition *status quo ante* between the parties," in determining whether the automatic stay should be lifted for cause to permit pending litigation in a non-bankruptcy forum. *In re Project Orange Assocs., LLC*, 432 B.R. at 103. Under this approach as well, relief from the stay should be granted. The interests of judicial economy and efficiency are best served by allowing the State Court Action to procced, and a careful consideration of the facts and circumstances of this case weighs in favor of granting relief from the stay. *See In re Zimmerman*, 341 B.R. 77, 78-81 (Bankr. N.D. Ga. 2006) (granting relief from stay to allow plaintiffs to prosecute a pending National Association of Securities Dealers[4] arbitration and to stay the adversary proceeding seeking a determination of nondischargeabiliy under section 523(a)(19) because "[s]ection 523(a)(19) expressly contemplates a postpetition determination of liability by a nonbankruptcy forum for debts resulting from securities law violations."); *In re Larry Ivan Behrends*, No. 13-22392-SSB, Doc. # 36 (Bankr. D. Colo. Nov. 13, 2013) (granting relief from stay so movants could pursue proceedings in the district court relating to confirmation of a FINRA arbitration award obtained by movants against the debtor).

---

[4] The National Association of Securities Dealers was FINRA's "predecessor organization." *Christensen v. Nauman*, 73 F. Supp. 3d 405, 413 (S.D.N.Y. 2014).

## IV.  CONCLUSION

For the reasons set forth above, it is hereby

**ORDERED:** The Motion for Relief from Stay is granted pursuant to 11 U.S.C. § 362(d)(1); and it further

**ORDERED**:  The fourteen (14) day stay provided in Fed. R. Bankr. P. 4001(a)(3) is hereby waived.

Dated at Bridgeport, Connecticut this 2nd day of July, 2020.

Julie A. Manning
Chief United States Bankruptcy Judge
District of Connecticut