**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |
|---|---|
| In re: | CHAPTER 7 |
| DAVID W. FLEMING, II | CASE NO. 19-51611 (JAM) |
| Debtor. |  |

**DEBTOR'S OBJECTION TO AND REQUEST FOR CONTINUANCE**
**OF THE HEARING ON TRUSTEE'S MOTION TO APPROVE**
**<u>BREAK-UP FEE AND BIDDING PROCEDURES</u>**

The above debtor, David W. Fleming, II (the "Debtor"), by and through his undersigned counsel, hereby respectfully objects to the Motion for Order Approving Break-up Fee and Bidding Procedures (the "Motion") filed by George I. Roumeliotis, Chapter 7 Trustee of the Debtor's estate (the "Trustee") seeking approval of a break-up fee and bidding procedures in connection with the Trustee's proposed sale of the estate's interest in certain Trusts and requests a continuance of the hearing on the Motion for the reasons set forth herein. In support of the Debtor's objection and request for continuance, the undersigned states the following:

1. On December 12, 2019 (the "Filing Date"), the Debtor filed a petition for relief under Chapter 7 of Title 11 of the United States Code, in the United States Bankruptcy Court for the District of Connecticut. The Trustee was appointed as the Chapter 7 Trustee of the Debtor's estate and continues to serve in such capacity.

2. As set forth in the Motion, the Trustee has entered a certain Asset Purchase Agreement (the "Sale Agreement") with JM Partners, LLC ("Purchaser") to purchase the estate's interest in (i) a contingent one-fourth (1/4) undivided interest in the Gerard Lambert Trust dated December 13, 1935; and (ii) a contingent one-fourth (1/4) undivided interest in the Gerard Lambert

Trust Dated December 4, 1958 (jointly, the "Trust Interests").

3. The Sale Agreement sets a purchase price of $85,000 (the "Purchase Price") for the Trust Interests provided that the Purchaser's requested break-up fee of $4,000.00 (the "Break-Up Fee") is approved by this Court. In the event the Break-Up Fee is not approved, the Trustee has the option of withdrawing from the sale or seeking approval of the purchase at a reduced purchase price of $50,000.00 (the "Reduced Purchase Price").

4. The Debtor, together with his three (3) siblings, has a contingent interest in the Trust Interests which will vest if he survives his father. The Debtor's father is currently 85 years old. The Debtor estimates that the current value of the Trust Interests is approximately $300,000.00.

5. The Motion provides no information to the Court with respect to a valuation of the Trust Interests or the marketing efforts regarding the sale of the Trust Interests to allow the Court to assess the reasonableness of the Purchase Price or the Reduced Purchase Price. Absent that information, the Court cannot make a determination about the benefit of the proposed sale to the Debtor's estate.

6. The Trust Interests are the primary asset of the Debtor's estate. Recently, the Debtor and the Debtor's largest unsecured creditors, Nicholas Ahuja and Ajay Ahuja (jointly, the "Ahujas"), commenced settlement negotiations in an effort to resolve the outstanding issues between the parties. The Debtor has disputed the Ahujas claim, which dispute is on appeal before the Connecticut Appellate Court. The Ahujas have commenced a non-dischargeability action against the Debtor, which is pending before this Court.

7. The Debtor's interest in the Trust Interests is an integral part of the settlement negotiations with the Ahujas. Those negotiations will be adversely affected by permitting the

Trustee to proceed with the proposed sale. The Debtor and the Ahujas need additional time to finalize their negotiations in conjunction with the Debtor's spouse, Devon Fleming. The Debtor is currently engaged in a divorce proceeding with his spouse, which action is pending in the Superior Court for the State of Connecticut, Judicial District of Stamford (the "Divorce Action"). Ms. Fleming has claimed an interest in the Trust Interests as part of the Divorce Action. Any settlement agreement will require the participation of the Debtor's spouse and likely of the Superior Court in the Divorce Action.

8. Therefore, the Debtor respectfully opposes the Motion to the extent the Trustee seeks to proceed immediately to the sale of the Trust Interests and respectfully requests a continuance of sixty (60) days of the hearing on the Motion to allow the Debtor sufficient time to proceed with his negotiations with the Ahujas and his spouse.

WHEREFORE, the Debtor respectfully requests that the Court deny the relief sought by the Trustee and continue the hearing on the Motion for a period of no less than sixty (60) days.

Dated: February 23, 2021　　　　　　　　　　THE DEBTOR,
　　　　　New Haven, Connecticut　　　　　　　　DAVID W. FLEMING, II

　　　　　　　　　　　　　　　　　　　　　By:　/s/Douglas S. Skalka
　　　　　　　　　　　　　　　　　　　　　　　Douglas S. Skalka (ct00616)
　　　　　　　　　　　　　　　　　　　　　　　NEUBERT, PEPE & MONTEITH, P.C.
　　　　　　　　　　　　　　　　　　　　　　　195 Church Street
　　　　　　　　　　　　　　　　　　　　　　　New Haven, CT  06510
　　　　　　　　　　　　　　　　　　　　　　　Telephone (203) 821-2000
　　　　　　　　　　　　　　　　　　　　　　　dskalka@npmlaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

|  |  |
|---|---|
| In re: | CHAPTER 7 |
| DAVID W. FLEMING, II | CASE NO. 19-51611 (JAM) |
| Debtor. |  |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 23, 2021, the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing pursuant to the Notice of Electronic Filing. Parties may access this filing through the Court's system.

Dated: February 23, 2021  
       New Haven, Connecticut

THE DEBTOR,  
DAVID W. FLEMING, II

By:   /s/Douglas S. Skalka  
Douglas S. Skalka (ct00616)  
NEUBERT, PEPE & MONTEITH, P.C.  
195 Church Street  
New Haven, CT 06510  
Telephone (203) 821-2000  
dskalka@npmlaw.com